UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOANNA LEE | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 05-260S |
| | ) | |
| GORDON ENGLAND | ) | |
| Secretary, Department of the Navy | ) | |
| Defendant | ) | |

# DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROPERLY AND TIMELY SERVE

## I. INTRODUCTION

On June 14, 2005, Plaintiff filed the within lawsuit alleging breach of settlement agreement, retaliation under Title VII of the Civil Rights Act of 1964, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of the Rhode Island Right to Privacy Act, and defamation. [1] Defendant moves to dismiss the Complaint because Plaintiff has failed to properly serve the Complaint pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

## II. BACKGROUND

On March 14, 2005, the United States Equal Opportunity Commission, Office of Federal Operations, issued a final denial of a request for reconsideration of the matter of Joanna Lee v.

---

[1] Many of the counts raise allegations which fail to set forth a viable cause of action against the Government because, for example, the Government has not waived sovereign immunity for such actions, and/or because plaintiff has failed to take the requisite administrative procedures for bringing such claims prior to filing a complaint in this Court (e.g. has failed to file an administrative claim under the Federal Tort Claims Act prior to filing a complaint sounding in tort.) Defendant does not, by filing this motion to dismiss based on failure to properly serve, waive any claims urging dismissal of or the granting of summary judgment on the merits of any portion of the complaint.

Department of the Navy. In doing so, the Commission advised Ms. Lee ("Lee" or "Plaintiff") that she had ninety (90) calendar days from the date she received the denial in which to file a civil action in an appropriate United States District Court. According to paragraph 31 of her Verified Complaint, Lee received the final denial on March 18, 2005.

## III. TRAVEL OF THE CASE

On June 14, 2005 - two days before the applicable 90-day statute of limitations expired - Lee filed the within Complaint.[2] On September 21, 2005, Attorney Luis Matos, Chief of the Civil Division of the United States Attorneys' Office for the District of Rhode Island ("USAORI") received a letter dated September 16, 2005 from Steven John Coaty, attorney for Plaintiff. The letter (Attachment A) asked when the Plaintiff could expect an answer to the complaint, and further referred to correspondence and a Complaint allegedly sent to Mr. Matos on July 27, 2005 (Attachment B).

Upon receipt of the September 21, 2005 letter, the USAORI made a thorough and diligent search for both the July 27, 2005 Coaty letter and the Complaint. The staff was unable to locate any such materials.[3] Accordingly, the very next day, by letter dated September 22, 2005 (Attachment C), the undersigned Assistant United States Attorney advised Attorney Coaty that the office had no record of having received the Complaint or the letter of July 27, 2005. In

---

[2] In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days - until October 12, 2005 - to properly serve her Complaint and accompanying summonses.

[3] All Complaints received by the USAORI are logged into a book as soon as they are received, along with a notation as to the date and manner in which the complaint was received (certified mail; authorized process server, etc.) There was no notation in the log book concerning the receipt of the instant Complaint at any time subsequent to June 16, 2005, including in late July, 2005. Nor was a file opened or information entered into the central computer, as would be the ordinary business practice of the USAORI.

addition, the Government questioned the assertion in Mr. Coaty's July 27, 2005 letter that some (unidentified) individual from the USAORI had agreed to accept service of the Complaint without compliance with Fed.R.Civ.P. Rule 4. The USAORI advised Mr. Coaty that he was required to serve the complaint in accordance with the Federal Rules of Civil Procedure.

The USAORI received no further information concerning this matter and closed its file after October 12, 2005, when the 120-day period for service had expired. On or about December 13, 2005, the USAORI was advised by agency counsel for the Navy that the agency had been served with a summons and Complaint on October 20, 2005 - 8 days after the expiration of the 120 day service period. To date, neither the United States Attorney for the District of Rhode Island nor the Attorney General of the United States has been served with a summons or complaint.

## IV. FEDERAL RULES CONCERNING SERVICE OF PROCESS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a summons and complaint must be served upon a defendant within 120 days after the filing of the complaint. With respect to service upon the United States, Its Agencies, Corporations, Officers or Employees, Rule 4(2)(B) plainly and explicitly provides:

> Service on an agency or corporation of the United States, or an officer of employee of United States . . . is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4(e)(f) or (g).

Rules 4(i)(1) requires that service upon the United States be effected:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought . . . or by sending a copy of the summons and of the complaint **by registered or certified mail** address to the civil process clerk at the office of the United

> States attorney **and**
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia

Id. (emphasis added).

## V. ARGUMENT

### A. Plaintiff has Not Properly or Timely Served the Complaint

The Federal Rules of Civil Procedure required the plaintiff to, within one hundred twenty (120) days of the June 16, 2005 filing of her Complaint:

1. deliver a summons and complaint to the USAORI by either a certified process server or by registered or certified mail, and

2. send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States; and

3. serve a copy of the summons and complaint on the officer of the federal agency in question, in this case Defendant Gordon England.

Fed.R.Civ.P. 4(m), 4(2)(B), 4(1)(i). Plaintiff has not complied with any of these three provisions.

Plaintiff has never served the USAORI or the United States Attorney General. In addition, Plaintiff failed to serve Defendant England by October 12, 2005 (within 120 days of June 16, 2005). While the Federal Rules make certain exceptions for serving a party after 120 days of filing a complaint, such provisions are not applicable here. Under Rule 6(b), a party may move for an extension of time to accomplish service for cause shown. In this case, Plaintiff did not, and has not done so; indeed, Plaintiff cannot satisfy the "good cause" requirement for

obtaining an extension of time. The manner in which to serve the Complaint is reflected in plain language in Rule 4. Plaintiff apparently made no attempt to comply with the rules of service until October 14, 2005 - four (4) months after filing the Complaint.

While counsel may argue that he thought he satisfied the provisions of Rule 4 by sending a copy of the complaint to the Civil Chief at USAORI, on July 27, 2005, the undersigned represents that the complaint was not received.[4] Indeed, when the September 16, 2005 correspondence including a copy of the complaint was in fact received by AUSA Matos, the Complaint did not bear a Civil Action number and was not accompanied by a summons. Nor did Plaintiff's counsel provide a waiver of service of summons form pursuant to Rule 4 (b).

B. Rule 4(m) Requires Dismissal of This Case.

Rule 4(m) mandates the dismissal of the within action (the court "shall" dismiss the action unless plaintiff shows good cause for the failure to timely serve). See Lovelace v. Acme Markets, 820, F.2d 81, 83 (3rd Cir. 1987), citing 128 Cong. Rec. H9848, 9850 (daily ed. Dec. 15, 1982).) ("The 120-day limit to effect service of process is to be strictly applied, and if service of the summons and the complaint is not made in time and the plaintiff fails to demonstrate good cause for the delay "the court *must* dismiss the action as to the unserved Defendant." ); Braxton v. United States, 817 F.2d 238 (3rd Cir. 1987) and Wei v. State of Hawaii, 763 F.2d 370 (Ninth Cir. 1985) (both addressing mandatory nature of the use of the word "shall"). The burden to ensure proper and timely service rests upon the Plaintiff and her attorney. Lovelace, 820 F.2d at 83. As further stated in Lovelace:

---

[4] The undersigned also represents that the USAORI does not, as a matter of practice, agree to accept service on behalf of federal agencies. Plaintiff's counsel nowhere states in his letter of July 27, 2005 who in the USAORI allegedly "agreed" to do so.

> "Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. Id., citing United States For Use of DeLoss v. Kenner General Contractors, Inc., 764 F.2d 707, 710 (9th Cir.) Furthermore, where a delay is the result of inadvertence of counsel, it need not be excused. *See* Wei [v. Hawaii], 763 F.2d. [370] at 372 [(9th Cir. 1985)]. Similarly, where there is a lack of diligent effort to ensure timely service of process, an extension of the time for service may be refused. [citation omitted].
>
> * * *
>
> When the 120-day period reaches its expiration and adequate proof of service of process has not been received, the plaintiff must take additional steps to ensure timely service of process, or, in the alternative, move under Fed.R.Civ.P. 6(b) for an enlargement of the time to effect service of process. See 128 Cong.Rec. H9848, 9851 (daily ed. Dec. 15, 1982); 2 J. Moore, Moore's Federal Practice ¶ 4.46 (2d ed. 1986); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1138 (2d ed. Supp. 1985).

820 F.2d at 83.

C. There is No Good Cause for Plaintiff's Having Failed to Properly and Timely Serve the Complaint

Once the USAORI was advised by agency counsel for the Navy that Defendant Potter had been served, the undersigned checked this Court's PACER records and learned that the Court had issued an Order to Show Cause, which was responded to by Plaintiff on November 4, 2005.[5] In her response, plaintiff states that good cause exists because her counsel relied on a July 18, 2005 representation by the USAORI that it would accept a summons on behalf of the Navy. As stated in Section III above, the USAORI made no such representation. Moreover, the USAORI never received a summons; nor did it receive a waiver of service of summons request, as provided for by Fed.R.Civ. Pro. Rule 4(d).

[5] Plaintiff's response to the Order to Show Cause was not sent to the USAORI or any other party.

Plaintiff states that a "miscommunication" or "misrepresentation" caused a delay in the service of process. This premise is faulty. The USAORI advised Plaintiff's counsel in writing on September 22, 2005, that service must be accomplished in accordance with the Rules of Civil Procedure. Plaintiff had until October 12, 2005 to do so. Notwithstanding, Plaintiff's counsel waited until September 30, 2005 to obtain a summons from the Court and did not send the summons and Complaint to Defendant England until October 14, 2005 - two days after the service period had expired. Even so, Plaintiff has only served Defendant England, and has not complied with those provisions of the Federal Rules which require service on the USAORI and Attorney General Gonzales.

## VI. CONCLUSION

Wherefore, Defendant respectfully submits that this Court must dismiss the within action with prejudice.[6]

RESPECTFULLY SUBMITTED,

ROBERT CLARK CORRENTE
United States Attorney

Lisa Dinerman Bar #2689
Assistant U.S. Attorney
(401) 709-5000
(401) 709-5017 Fax

[6] Plaintiff had ninety (90) days from March 14, 2005 to file the within action. Failure to serve within the time limits has resulted in the running of the statute of limitations. This case should therefore be dismissed with prejudice.

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion to Dismiss was sent, postage prepaid, this 19th day of December, 2005 to Steven John Coaty, Esq., P.O. Box 1293, Newport, RI 02840.

Nancy A. DiQuinzio