**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001
CIVIL FAX (401) 709-5017

September 22, 2005

Steven John Coaty, Esq.
The Coaty Law Offices, Ltd.
P.O. Box 1293
Newport, Rhode Island 02840

Re: Joanna Lee v. Gordon R. England, Secretary, Department of the Navy

Dear Mr. Coaty:

Your correspondence of September 16, 2005, received by this office on September 21, 2005, has been referred to me. Please be advised as follows.

This office has no record of having received the Verified Complaint in this matter. Nor did Mr. Matos, or anyone on his behalf, receive your letter of July 27, 2005. Furthermore, it is our policy and practice not to accept service of process on behalf of federal agencies. Therefore, we are puzzled by the statement in your July 27, 2005 letter asserting that this office agreed to do so.

If you wish to serve the complaint, you are required to do so in accordance with the Federal Rules of Civil Procedure. The complaint will then be processed in due course.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

Lisa Dinerman
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

VIGILANT INSURANCE COMPANY a/s/o
EASTWARD VISTA, LLC

Vs. C.A. No. 04-439 S

EAST GREENWICH OIL CO., INC., and
EASTERN SECURITY CORPORATION

**DEFENDANT EAST GREENWICH OIL'S REPLY MEMORANDUM ON ITS MOTION TO EXCLUDE TESTIMONY ON DAMAGES**

Now comes the defendant, East Greenwich Oil and offers the following reply to Plaintiff's Response to Defendant, East Greenwich Oil's Motion to Exclude Testimony on Damages. The plaintiff's opposition memo raised several issues for the first time:

**A. Defendant complied with all relevant procedural rules prior to filing the motion.**

Plaintiff claims that East Greenwich failed to 1) obtain leave of court, 2) serve the document, and 3) certify its good faith efforts to resolve the discovery dispute.

Each of these preliminary arguments fails.

First, the rules specifically exempt motions *in limine* from the category of motions which were to be filed by June 24, 2005. Moreover, the phrase "*in limine*" is a latin term meaning: "at the threshold." This definition indicates that it could properly be filed on the first day of trial.

Second, the document was obviously served on plaintiff, as a response arrived at the court within the time provided by the rules. More significantly, however, is the signed, stamped notation on the signature page indicating that the document was served.

Third, the defendant made several good faith efforts to resolve the dispute. In the body of the motion at page 4, these efforts were specifically cited by counsel for the defendant.

Moreover, it is important to note the nature of these discussions. In those discussions, counsel for the defendant asked counsel for the plaintiff when he might receive the discovery

responses. Counsel for the plaintiff variously responded: "I don't know, I'll check with my client" or "soon". To this date, those responses have not arrived.

It is also important to note the nature of the dispute. The defense argues that the plaintiff never served a response. The plaintiff agrees. In that most important sense, there is no dispute.

The only reason that a dispute has now arisen is because of plaintiff's counsel's own tactical decision since the good faith discussions. Plaintiff decided not to respond, ever. Plaintiff NOW claims that they were not obligated to answer discovery:

> Plaintiff fully complied with [the voluntary disclosure] Rule and as a result, there was no need or requirement to formally respond to east [sic] Greenwich's Interrogatories and/or Request for Documents.

See Plaintiff's Opposition Memorandum at p. 5 (emphasis in plaintiff's original).

This new argument is hardly credible, and certainly does not narrow the point of dispute, i.e., plaintiff did not object nor respond to interrogatories and a set of document requests.[1]

**B. Plaintiff Overstates the Value of Its Initial Disclosures.**

Plaintiff claims that its initial disclosures "included, inter alia, all documents requested in East Greenwich Oil's Request for Production of Documents." (emphasis in plaintiff's original).

This claim is demonstrably untrue. The categories of missing documents include:

> The articles of organization and operating agreement for Eastward Vista (RPD#1);
>
> The entire Vigilant Insurance claim file (RPD#2);
>
> All documents, correspondence and communications between Eastward Vista, Eastern Security, East Greenwich Oil and Vigilant Insurance (RPD#3);
>
> All service contracts for the premises (RPD#4);

---

[1] It is not a defense to a motion for sanctions under Rule 37(d) that the discovery request was objectionable. Magee v. Paul Revere Life Ins., 178 F.R.D. 33, 38 (E.D.N.Y. 1998). The proper response to an objectionable discovery request is to file a motion for a protective order under Rule 26(c), not to ignore the discovery request. Ferko v. NASCAR, 218 F.R.D. 125, 143-44 (E.D.Tex. 2003).

> All cost estimates, invoices, contracts, work orders, change of work orders, scope of work, building permits (RPD#5);
>
> Pre-purchase inspection documents (RPD#6);
>
> Seller's disclosures (RPD#7);
>
> And any and all reports prepared by any expert expected to testify in this case (RPD#24)

These documents were not produced. Moreover, even if they were produced at the initial disclosure stage, it still would not excuse plaintiff's refusal to answer interrogatories.

**C. Plaintiff's Conduct Still Violates the Disclosure Rule for Non-Retained Experts**

Even if court accepts the designation of five (5) new experts as "non-retained," the experts still may not testify, because plaintiff's proposed damages expert testimony violates four (4) separate discovery obligations including those imposed by Fed. R. Civ. Proc 37 (c) and (d).

First, the failure to identify these five (5) experts in plaintiff's Rule 26 (a)(2) expert disclosure is fatal to any efforts to offer new expert testimony.[2] See Exhibit D, attached.

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . .is not, unless such information is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c).

Moreover, it is the obligation of the party facing sanctions for belated disclosure to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction. Wilson v. Bradlees, 250 F.3d 10 (1st Cir. 2001). See also Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir. 1999); Salgado by Salgado v. General Motors

---

[2] Musser v. Gentiva, 356 F.3d 751,757 (7thCir.2004); Hamburger v. State Farm, 361 F.3d 875,883, n.4 (5thCir.2004).
Even in the relevant cases cited by the plaintiff in his opposition brief, the party seeking to use "non-retained" experts had complied with the Rule 26(a)(2)(A)(1) requirement to disclose persons expected to give testimony under Fed. R. Evid. 702, 703 and 705. See Rollins v. Barlow, 188 F.Supp.2d 660, 662 (S.D. W.V. 2002) ("The identities of the Expert Witnesses were disclosed to Defendants by Plaintiff pursuant to Rule 26(a)(2)(a)(1)."); and Full Faith Church v. Hoover, 2002 U.S.Dist. LEXIS 25449, n.1 (D.Kan. 2002) ("Plaintiff's expert disclosure statement identifies four expert witnesses: Mark Krueger, Glenn Johnson, Wells Haren and Rudy Manes. . . . Plaintiff provided a written report for Krueger and Johnson but not for Haren and Manes.").

Corp., 150 F.3d 735, 741-742 (7th Cir. 1998). Because plaintiff cannot make such a justification, and because the error is not harmless, the late expert testimony must be excluded.

Second, the "non-retained" experts were not disclosed within the time provided by this court's pre-trial order, which states that "[a]ny expert not disclosed by these dates [June 14, 2005] will not be allowed to testify unless authorized by the court." See Pretrial Order, December 13, 2004. Because the plaintiff violated the pretrial order, the experts should be excluded.[3]

Third, the plaintiff did not respond to interrogatories.[4] Here, plaintiff neither disclosed the expert, nor responded to a specific interrogatory on the point.[5]

Fourth, the plaintiff did not respond to a request for production of documents seeking "any report prepared by any expert expected to testify in this case." Again, there was no reply.

Because of these discovery shortcomings, the damages experts must be excluded.

**D. Plaintiff's Experts Do Not Meet the Definition of Non-Retained Experts**

Even if this court were to overlook plaintiff's four (4) material discovery shortcomings – the plaintiff's designation of these individuals as "non-retained experts" is mistaken.

The non-retained expert is one who is not "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving testimony." See Fed. R. Civ. Proc. 26(a)(2)(B).

---

[3] See Widhelm v. Wal-Mart, 162 F.R.D. 591(D.Neb. 1995) (quoting Public Citizen v. Liggett, 858 F.2d 775, 790 (1st Cir. 1988), cert. denied, 488 US 1030 (1989)).

[4] The interrogatories sought, *inter alia*: a) the identity of "each person whom you expect to call as an expert witness at trial;" and b) a summary of the facts and opinions of each such person. Plaintiff provided no response.

[5] See Sprague v. Liberty Mutual, 177 F.R.D. 78 (D.N.H. 1998) (where the pretrial order only set a deadline for "retained experts," it was sufficient to identify the non-retained expert in a timely answer to interrogatories).

Traditionally, these experts have been limited to treating physicians, whose testimony is limited to a description of their treatment. They are generally not permitted to express an opinion on causation or disability. See Musser v. Gentiva, *supra*, n. 4, and cases cited therein.

In fact, Jim Tagliente is an employee of the plaintiff's insurer and has been involved in claims handling litigation as a general adjuster for twenty years. Because of his employment status, he is more akin to the type of expert from whom a report is expected. Because there was no report and no disclosure as to this expert, Tagliente should not be permitted to testify.

Moreover, Peter Byrne and Thomas Brown were "specially retained" in this matter by Vigilant Insurance Company and by Mr. Bailey. Because of this relationship, an expert report is the prerequisite for testimony.

Finally, Matt Davitt and Jeff Nigrelli were the demolition contractor, and junior-most assistant, respectively, for the Nelson project. If the plaintiff had provided an expert disclosure in compliance with the pretrial order OR with rule 26 (a)(2), AND if the plaintiff had answered interrogatories or responded to the document request, these individuals might have been permitted to testify on the demolition which they performed at the subject premises. Because plaintiff did not, none of the plaintiff's proposed experts should be permitted to testify.

## V. CONCLUSION

For the foregoing reason, we renew our request for relief described in the original brief.

Respectfully Submitted,
EAST GREENWICH OIL CO., INC.
By its Attorneys,

Lauren Motola-Davis, #3396
Michael T. Farley, #6196
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660 Fax: (401) 621-4660

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 12/19/05