UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOANNA LEE,<br>*Plaintiff*<br><br>v.<br><br>GORDON R. ENGLAND,<br>Secretary, Department of the Navy,<br>*Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.: 2005-260S |

**PLAINTIFF, JOANNA LEE'S, RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROPERLY AND TIMELY SERVE**

Now comes Plaintiff, JOANNA LEE ["Mrs. Lee"], by and through her counsel, to move this honorable Court to deny Defendant, GORDON R. ENGLAND, Secretary, DEPARTMENT OF THE NAVY ["Defendant"]'s motion to dismiss this cause f action for failure to properly and timely serve Mrs. Lee's Complaint. As set forth in the accompanying Memorandum of Law in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, Defendant has failed to set forth a legal basis for their motion.

Mrs. Lee asserts that Rule 4(i) and Rule 4(m) present this honorable Court with the authority to grant her leave to perfect service of process; that Rule 4(m) does not mandate a dismissal of this present action; that Mrs. Lee substantially complied with Rule 4(i) in serving Defendant notice of the present cause of action; and that the one-hundred twenty-two (122) days that expired from the date the Complaint was filed to the date the

pleading was mailed does not warrant the extreme measure to dismiss Mrs. Lee's Complaint.

*Wherefore,* it is respectfully requested that Defendant's motion be denied.

Respectfully submitted,

JOANNA LEE,
Plaintiff,

By: [signature]
Steven John Coaty, Esq. (5719)
P.O. Box 1293
Newport, RI 02840
Tel: 401.848.7227
Fax: 401.619.0974

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 30th day of December 2005, I mailed via first class mail, postage prepaid, a true and correct copy of the attached PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS and foregoing MEMORANDUM IN SUPPORT THEREOF to:

Lisa Dinerman, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Fl.
Providence, RI 02903

By: ______________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOANNA LEE,<br>*Plaintiff*<br><br>v.<br><br>GORDON R. ENGLAND,<br>Secretary, Department of the Navy,<br>*Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.: 2005-260S |

**PLAINTIFF, JOANNA LEE'S, MEMORANDUM IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROPERLY AND TIMELY SERVE**

Plaintiff, JOANNA LEE ["Mrs. Lee"], by and through her counsel, submit this Memorandum in support of her response opposing Defendant's Motion to Dismiss for Failure to Properly and Timely Serve ["Motion to Dismiss"].

**A. Facts and Travel of the Case.**

Mrs. Lee filed her Complaint on June 14, 2005 for claimed damages from the Defendant, pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964. On July 18, 2005, thirty-four (34) days after filing her Complaint, Mrs. Lee's legal counsel ["Counsel"] commenced serving Defendant by contacting the United States Attorneys' Office for the District of Rhode Island ["USAORI"] by telephone. Counsel spoke with a female named "Nancy"[1] and inquired whether that office would waive service of process and accept the Complaint and Summons. She stated they would. On July 27, 2005, forty-three (43) days after filing, Counsel sent both the Complaint and Summons to USAORI. On September 16, 2005, ninety-four (94) days after filing, Counsel again contacted USAORI by letter inquiring about the status of their answer to Mrs. Lee's Complaint; they responded by correspondence dated September 22, 2005, USAORI disavowing receipt of any pleadings.

[1] Counsel reluctantly identifies the individual at this office and does so only because Defendant implies his representations regarding the information received from this office lack veracity. (*See* Def. Motion to Dismiss at 3, 5 (n.4)).

through Defendant's Office of Legal Counsel via certified mail (return receipt requested). Defendant accepted service of process on October 20, 2005 – one hundred twenty-eight (128) days after the initial filing of the Complaint and six (6) business days from the one-hundredth and twentieth day of October 12, 2005. Defendant's Legal Office intentionally or inadvertently failed to notify USAORI of the acceptance of this service of process for some fifty-four (54) days.[2]

**B. Applicable Law: Rule 4, "Summons," Federal Rules of Civil Procedure.**

Plaintiff has one-hundred twenty (120) days to serve the defendant with their complaint and summons, pursuant to Rule 4(m). Fed.R.Civ.P. If service of process is not made within that period, the rule, in pertinent part, presents the Court with the following options:

> If service of the summons and complaint is not made upon a *defendant within* 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

If the Defendant is solely an executive agency of the United States and not an officer or employee of the United States being sued in their individual capacity, as in the present case, service is effected in the following manner:

> Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Rule 4(i)(2)(A), Fed.R.Civ.P. Rule (4)(i)(1) directs Plaintiff to serve an Agency of the United States by presenting notice to the local U.S. Attorney's Office, the U.S. Attorney's Office in Washington, D.C. and to the Agency.

---

[2] As of the date of this submission, Counsel has yet to receive the green return receipt card from the certified mail delivery, the return Summons reflecting the acceptance of the pleading, or an Answer to Mrs. Lee's Complaint.

**C. Argument.**

Mrs. Lee has substantially complied with the service of process upon an Agency of the United States. Rule (4)(m) presents a period of 120 days when service of process shall be completed. Defendant does not argue a lack of notice; they take refuge in a literal, dated interpretation of Rule 4(m) that does not sustain their argument and has long been repudiated by the federal courts.

The governing section of Rule 4 is found at (i)(1)-(2)(A); and Counsel has substantially complied with these sections in ensuring that Defendant had notice, in a timely manner, of this Complaint. In short, these sections set forth three steps to ensure timely notice. Defendant argues that "Plaintiff has not complied with any of these three provisions." (Def. Motion to Dismiss at 4.) This assertion is belied by the facts. On two separate occasions, Counsel sent USAORI Mrs. Lee's Complaint and initially that Complaint was accompanying by the Summons. Whether or not Defendant received the initial delivery of this pleading, Defendant had notice at least on September 21, 2005, and this delivery satisfied the first step of Rule 4(i)(1)(A). Defendant's presentation that this section necessitates service of process by ". . . either a certified process server or by registered or certified mail[] . . ." discounts the disjunctive "or" contained within this section. Counsel sent notice – their Complaint and Summons -- to the agency of the United States via certified mail (return receipt requested) in compliance with Rule 4(i)(1)(C) and (2)(A). Counsel concedes that service was not perfected upon the Attorney General of the United States in Washington, D.C. thereby not fulfilling the third step in this process. This, however, is not a fatal defect that would necessitate this Court from taking the unusually drastic step of dismissing this cause of action with prejudice, as Defendant requests.

Rule 4(m) does not mandate dismissal of this case. There is no legal basis for the assertion that Rule 4(m) "requires" dismissal of this Complaint. Defendant has

resurrected the draconian assertion that failure to make service within 120 days from the Complaint forces this Court to dismiss this action. It is the long repudiated argument of form over substance, procedure over the merits of the case.

Since 1993, Rule 4(m) has been amended to avoid the prejudicial result Defendant requests. The Advisory Committee clarified Rule 4(m) to mean that the Court shall allow additional time to perfect service of process if there is good cause *or* allow for additional time to perfect service even in the absence of such a showing. The commentary on Rule 4(m), as amended, reads as follows:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Advisory Committee Notes to Rule 4, as amended, at 49 (1993). Defendant's authority for their assertion that this action must be dismissed for failure to perfect service within 20 days is unpersuasive – these cases decided outside the First Circuit were decided before 1993, do not contemplate the amended subsection and are not controlling. This honorable Court has the authority to grant Mrs. Lee leave to perfect service of process even without a showing of good cause. "A district court may relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." Tevdorachvili v. The Chase Manhattan Bank, 103 F.Supp. 2d 632 (E.D.N.Y.,2000)(*citing* advisory committee's note to the 1993 amendments). It is requested, therefore, that Counsel be allowed to perfect service of process on USAORI and the U.S. Attorney's Office in Washington, D.C. Counsel asserts, however, that good cause exists for the lapse of 122 days from the date of filing the Complaint.

There exists good cause for the expiration of 122 days from the date of filing. Counsel asserts that good cause exists for the expiration of 122 days from the date of filing the Complaint to the date Defendant was served. It has been established that

Counsel attempted to present notice to the Defendants. Service of the Complaint and Summons has been substantially effected by serving Defendant and with notice given to USAORI. Moreover, Counsel has fulfilled the intent of Rule 4 when the Complaint and Summons was served on the Defendant and USAORI. (*See* Rule 4(i)(3).) As stated in the Advisory Comments, extensions of time can be extended to perfect service of process ". . . to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." Advisory Committee note, Rule 4(m), as amended at 49 (1993).

The Court should denied Defendant's Motion to Dismiss. In the event that this honorable Court grants Defendant's Motion to Dismiss, it would effectively bar her from pursuing this action creating a prejudicial effect disproportional to the harm alleging sustained by Defendant. Mrs. Lee would not be able to re-file her complaint due to the statute of limitations to file this civil action after the Commission's final decision. Second, it is undisputed that Defendant had notice of this cause of action some 122 days after the Complaint was filed, but failed to respond, in any way, for over 50 days after receipt. Finally, this Court has the authority to grant Mrs. Lee a reasonable time to perfect service of process to the U.S. Attorney's Office in Washington, D.C. and USAORI, locally.

Respectfully submitted,
JOANNA LEE,
Plaintiff,

By: ______________________
Steven John Coaty, Esq. (5719)
P.O. Box 1293
Newport, RI 02840
Tel: 401.848.7227
Fax: 401.619.0974