UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOANNA LEE,
*Plaintiff*

v.

GORDON R. ENGLAND,
Secretary, Department of the Navy,
*Defendant*

C.A. No.: 2005-260S

**PLAINTIFF, JOANNA LEE'S, MOTION**
**TO ENLARGE THE TIME TO PERFECT SERVICE OF COMPLAINT**

*Now comes* Plaintiff, JOANNA LEE ["Mrs. Lee"], by and through her counsel, to move this honorable Court to permit her fourteen (14) days to perfect service of process on Defendant, GORDON R. ENGLAND, Secretary, DEPARTMENT OF THE NAVY ["Defendant"]'s legal counsel, to wit: The Honorable Alberto Gonzales, Attorney General of the United States and local counsel, the U.S. Attorney's Office for the District of Rhode Island. As set forth in the accompanying Memorandum of Law in Support of Plaintiff's Motion, Mrs. Lee asserts that Rules 4(i), Rule 4(m) and 6, Fed.R.Civ.P., present this honorable Court with the authority to grant her leave to perfect service of process .by enlarging the time period to perfect such service.

*Wherefore,* it is respectfully requested that Mrs. Lee's Motion be granted.

Respectfully submitted,
JOANNA LEE,
Plaintiff,

Steven John Coaty, Esq. (5719)
P.O. Box 1293
Newport, RI 02840
Tel: 401.848.7227
Fax: 401.619.0974

Dated: January 6, 2006

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 6th day of January 2006, I mailed via first class mail, postage prepaid, a true and correct copy of the attached PLAINTIFF'S MOTION and foregoing MEMORANDUM IN SUPPORT THEREOF to:

Lisa Dinerman, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Fl.
Providence, RI 02903

By: ____________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOANNA LEE,<br>*Plaintiff*<br><br>v.<br><br>GORDON R. ENGLAND,<br>Secretary, Department of the Navy,<br>*Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.: 2005-260S |

**PLAINTIFF, JOANNA LEE'S, MEMORANDUM IN SUPPORT OF HER MOTION TO ENLARGE THE TIME TO PERFECT SERVICE OF COMPLAINT**

Plaintiff, JOANNA LEE ["Mrs. Lee"], by and through her counsel, submit this Memorandum in support of her motion to enlarge the time to perfect service of her complaint upon Defendant's counsel, the honorable Alberto Gonzales, Attorney General of the United States and local counsel, the U.S. Attorney's Office, District of Rhode Island. Mrs. Lee is requesting an additional fourteen (14) days to effect service of process, pursuant to Rule 4(i), Federal Rules of Civil Procedure.

**A. Facts and Travel of the Case.**

Mrs. Lee filed her Complaint on June 14, 2005 for claimed damages from the Defendant, pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964. On July 18, 2005, thirty-four (34) days after filing her Complaint, Mrs. Lee's legal counsel ["Counsel"] commenced serving Defendant by contacting the United States Attorneys' Office for the District of Rhode Island ["USAORI"] by telephone. On July 27, 2005, forty-three (43) days after filing, Counsel sent both the Complaint and Summons to

USAORI. A dispute exists among the parties whether or not Defendant's local counsel received the pleading.[1] It is undisputed, however, that USAORI received Mrs. Lee's Complaint on September 16, 2005, ninety-four (94) days after filing.

Counsel proceeded to serve Defendant with her Complaint and Summons directly through Defendant's Office of Legal Counsel via certified mail (return receipt requested). Defendant accepted service of process on October 20, 2005 – one hundred twenty-eight (128) days after the initial filing of the Complaint and six (6) business days from the one-hundredth and twentieth day of October 12, 2005. Defendant's Legal Office intentionally or inadvertently failed to notify USAORI of the acceptance of this service of process for some fifty-four (54) days.[2]

**B. Applicable Law: Rule 4, "Summons," Federal Rules of Civil Procedure.**

Plaintiff has one-hundred twenty (120) days to serve the defendant with their complaint and summons, pursuant to Rule 4(m). Fed.R.Civ.P. If service of process is not made within that period, the rule, in pertinent part, presents the Court with the following options:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

---

[1] See Plaintiff's Response in Opposing Defendant's Motion to Dismiss and Plaintiff's Reply to Show Cause Order, filed previously with this honorable Court.

[2] As of the date of this submission, Counsel has yet to receive the green return receipt card from the certified mail delivery, the return Summons reflecting the acceptance of the pleading, or an Answer to Mrs. Lee's Complaint.

If the Defendant is solely an executive agency of the United States and not an officer or employee of the United States being sued in their individual capacity, as in the present case, service is affected in the following manner:

> Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Rule 4(i)(2)(A), Fed.R.Civ.P. Rule (4)(i)(1) directs Plaintiff to serve an Agency of the United States by presenting notice to the local U.S. Attorney's Office, the U.S. Attorney's Office in Washington, D.C. and to the Agency.

In the event that service of the Complaint and Summons is not effectuated within one hundred-twenty (120) days, pursuant to Rule 4(m), the Court has the discretion to grant Plaintiff an enlargement of time in order to perfect service of process. Rule 6(b) states, in pertinent part:

> **Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . . .

Rule 6(b)(2), Fed.R.Civ.P.

**C. Argument.**

Mrs. Lee has substantially complied with the service of process upon an Agency of the United States. Mrs. Lee sent her Complaint and Summons to Defendant on October 14, 2005, pursuant to Rule 4(i). (See Exhibit 1.) Rule (4)(m) presents a period of 120 days when service of process should be completed, in this case, by October 12, 2005 – two (2) days before the expiration of the 120 days. Defendant acknowledged receipt of the pleadings on October 20, 2005. (See Exhibit 2.) Defendant's local counsel, USAORI, received notice of the Complaint on September 16, 2005, well within

the 120 days set forth by the rule. Both Defendant and USAORI had notice eight (8) days after the expiration of the 120 days.

Since 1993, Rule 4(m) has been amended to avoid the prejudicial result Defendant requests. The Advisory Committee clarified Rule 4(m) to mean that the Court shall allow additional time to perfect service of process if there is good cause *or* allow for additional time to perfect service even in the absence of such a showing. The commentary on Rule 4(m), as amended, reads as follows:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Advisory Committee Notes to Rule 4, as amended, at 49 (1993). This honorable Court has the authority to grant Mrs. Lee leave to perfect service of process even without a showing of good cause. "A district court may relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." Tevdorachvili v. The Chase Manhattan Bank, 103 F.Supp. 2d 632 (E.D.N.Y.,2000)(*citing* advisory committee's note to the 1993 amendments). It is requested, therefore, that Counsel be allowed to perfect service of process on USAORI and the U.S. Attorney's Office in Washington, D.C. Counsel asserts, however, that good cause exists for the lapse of 122 days from the date of filing the Complaint.

There exists good cause for the expiration of 122 days from the date of filing. Counsel asserts that good cause exists for the expiration of 122 days from the date of filing the Complaint to the date Defendant was served. It has been established that Counsel attempted to present notice to the Defendants. Service of the Complaint and Summons has been substantially effected by serving Defendant and with notice given to USAORI. Moreover, Counsel has fulfilled the intent of Rule 4 when the Complaint and Summons was served on the Defendant and USAORI. (*See* Rule 4(i)(3).)

As stated in the Advisory Comments, extensions of time can be extended to perfect service of process "... to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations." Advisory Committee note, Rule 4(m), as amended at 49 (1993).

This honorable Court possesses the discretion to allow Mrs. Lee to perfect serving the Attorney General of the United States and local counsel, USAORI. She is representing that it will be done not more than fourteen (14) days from the date of the Order. In light of Defendant's original notice of the Complaint well within the time period and substantial compliance of Rule 4(i), it is respectfully requested that Mrs. Lee's Motion be granted.

Respectfully submitted,
JOANNA LEE,
Plaintiff,

By: ______________________
Steven John Coaty, Esq. (5719)
P.O. Box 1293
Newport, RI 02840
Tel: 401.848.7227
Fax: 401.619.0974

Dated: January 6, 2006