UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOANNA LEE<br>Plaintiff | ) | |
| v. | ) | C.A. No. 05-260S |
| GORDON ENGLAND<br>Secretary, Department of the Navy<br>Defendant | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO MOTION TO ENLARGE TIME TO PERFECT SERVICE OF COMPLAINT**

## I. INTRODUCTION

Defendant, Gordon England, by and through the undersigned attorneys, hereby objects to Plaintiff's motion to enlarge time to perfect service of complaint. As grounds for this objection, Defendant states that plaintiff has failed to show good cause for extending the time to serve, or even that the failure to properly serve was a result of excusable neglect.

Plaintiff's motion for leave to extend is scheduled to be heard together with Defendant's Motion to Dismiss the within action. Defendant therefore refers to and incorporates herein the facts and arguments set forth in its memorandum in support of Defendant's motion to dismiss. In summary, however, Plaintiff filed the within complaint on June 14, 2005 - more than seven (7) months ago. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 120 days - until October 12, 2005 - to properly serve a copy of the complaint and a summons to 1) the United States Attorney's Office for the District of Rhode Island, 2) the Attorney General of the United States, and 3) Defendant Gordon England, Department of the Navy. The manner in

which Plaintiff was required to serve these three entities is plainly and clearly set forth in Rule 4 of the Federal Rules of Civil Procedure.

As of this date, Attorney General Gonzales still has not been served. The United States Attorney's Office for the District of Rhode Island ("USAORI") received a copy of the Complaint and a summons, delivered by certified mail return receipt requested, on January 10, 2006. [1] Gordon England, Department of the Navy, was served by certified mail on October 20, 2005 - eight (8) days after the expiration of the time for service.

Having failed to comply with the Federal Rules of Civil Procedure in commencing an action, Plaintiff now invokes the escape clauses of those rules and asserts that this Court should extend the period of service for "good cause" or because of "excusable neglect". See Fed.R.Civ.P. 4(m), 6(b). However, Plaintiff has failed to meet her burden of showing that the failure to serve meets either of the two criteria on which she relies.

## II. PLAINTIFF HAS NOT ESTABLISHED "GOOD CAUSE" FOR FAILING TO TIMELY SERVE

Court have established that good cause for failure to serve a complaint within the 120 days provided for in Rule 4 "would appear to require *at least* as much as would be required to show excusable neglect." McGinnis v. Shalala, 2 F.3d 548, 549 (5th Cir. 1993), citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985); see also Peters v. United States, 9 F.3d 344, 345 (1993) citing Systems Signs Supplies v. United States Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). Furthermore, actions falling into the category of

---

[1] The Summons delivered on January 10, 2006 was the first summons ever received by the USAORI. A copy of the materials originally received by USAORI on September 21, 2005 is attached hereto as Exhibit A Defendant has included only the first page of the Verified Complaint in order to reduce the number of pages of the exhibit.

inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the 120 day period for service. McGinnis, *supra*, citing Traina v. United States, 911 F.2d 1155, 1157 ($^{th}$ Cir. 1990), accord McDonald v. United States, 898 F.2d 466, 467(5th Cir. 1990).

Plaintiff's reliance on Tevedorachvili v. The Chase Manhattan Bank, 103 F.Supp 2d 632 (E.D.N.Y. 2000) is curious. In Tevedorachvili, the District Court for the Eastern District of New York, Plaintiff served the defendant 182 days after the filing of the Complaint. Plaintiff's counsel attempted to account for the delay in service by explaining that shortly before the 120 days, she contacted the Court and told a secretary she had been unable to locate a private server to serve the complaint. Counsel argued that the Court was on notice of the service problems and there was therefore good cause for her delay. The District Court rejected Plaintiff's claims stating:

> . . . an attorney's inadvertence, neglect, mistake **or misplaced reliance** does not suffice to establish good cause for failure to make proper service within 120 days. Mused. v. U.S. Dept. Of Agriculture, Food and Maritime Service, 169 F.R.D. 28, 32 (W.D.N.Y. 1996).

Tevedorachvili, 103 F.Supp. 2d at 638 (emphasis added). Therefore, Tevedorachvili specifically rejects any support for counsel's claim that his alleged reliance on a representation of a secretary at the local United States Attorney's Office constitutes "good cause" for failing to timely serve the USAORI.

Second, Tevedorachvili discusses numerous factors to be weighed in determining whether it is appropriate to relieve a plaintiff of the consequences of dismissal "even if there is no good cause shown". It finds dispositive the fact that even if Tevedorachvili's case against Chase were

dismissed for insufficiency of process, it was a "virtual certainty" that the complaint would simply be re-filed and re-prosecuted and the defendant would find itself in the same position. Thus, there was no prejudice to the Defendant in permitting the case to go forward despite late service of process. Tevedorachvili, 103 F.Supp. 2d at 638-639.

In this case, the opposite is true. The Defendant will be severely prejudiced by permitting this case to go forward even without "good cause" or "excusable neglect". The statute of limitations on Ms. Lee's claim ran on June 16, 2005 - two days after her Complaint was filed. She cannot, therefore, refile and pursue her complaint because the new complaint will be barred by the statute of limitations. Defendant will then be forced to defend a case which was not timely served. [2]

Peters v. United States, 9 F.3d 344 (5th Cir. 1993) supports the dismissal of an improperly served complaint even though the statute of limitations had expired. The plaintiffs in Peters sued the United States for wrongful death following Mr. Peters' treatment at a Veterans Administration hospital. As in this case, counsel for Peters failed to properly and timely serve the United States Attorney for the district in which the action was brought. Peters followed McDonald v. United States, 898 F.2d 466, 467-468 (5th Cir. 1990) in rejecting the contention that improper service is cured by untimely service of a complaint, even if the United States Attorney had actual notice of the action. Peters, *supra* at 345. In dismissing the complaint with prejudice because the statute of limitations had run, the Peters court noted that simple inadvertence or mistake of counsel or ignorance of the rules does not suffice to establish "good cause" for failing

[2] As pointed out in Defendant's Motion to Dismiss, the Verified Complaint in this case contains numerous causes of action which are improperly brought. Defendant , as well as this Court, will have to devote significant resources to getting these counts dismissed.

to properly serve. See McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993) (dismissal sustained where failure to effect timely service attributable solely to counsel's own neglect even though statute of limitations had run.)

Further support for the Government's position herein is found in McGinnis, supra. In that case, the United States Attorney for the district where the case was brought was improperly served within the 120-day period. [3] Just as in this case, the United States Attorney's office informed the plaintiffs/appellants by letter that their attempts at service were defective and that "[i]t will be necessary for you to serve our office pursuant to Rule 4 since we are not authorized by the Attorney General to waive proper service of process." 2 F.3d at 548, 551. By the time service was properly made, the suit had been filed and pending for 5 months. The McGinnis court affirmed judgments of dismissal. McGinnis, 2 F.3d at 551. See also Armstrong v. U.S. Department of Housing and Urban Development, 2004WL 1279822 (W.D.Tex.) (Because Plaintiff is suing the United States - the sovereign- the specific requirements for service, as outlined in Federal rule of Civil Procedure 4(i) cannot be waived, and failure to follow explicit directions is grounds for dismissal).

The First Circuit has found that what constitutes "good cause" is left to the substantial discretion of the district judge, and that such a determination is fact specific. United States v. Ayer, 857 F.2d 881, 885 (1st Cir. 1988). While a defendant's efforts to evade service will constitute good case, D'Amario v. Russo, 750 F.Supp 560 (D.R.I. 1990), "it is clear that mere inadvertence by the plaintiff does not constitute good cause." Brenner v. City of Woonsocket,

---

[3] The Federal Rules at that time required that the local United States Attorney's office be served a copy of the complaint and summons by delivery. Service by mail, certified or otherwise, was not permitted. The plaintiff had served the United States by mail.

1993 WL 528176 (D.R.I. 1993) citing Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).

Under the facts of this case, Plaintiff has failed to demonstrate good cause or excusable neglect such as to permit the precedent of allowing the out-of-time service of the Complaint.

## III. THE 1993 AMENDMENT TO RULE 4 NEITHER ELIMINATES NOR EVISCERATES THE GOOD CAUSE STANDARD

Prior to the 1993 amendments to Rule 4, a plaintiff who failed to make timely service could avoid a dismissal of the complaint only by a showing of good cause. McIsaac v. Ford, 193 F.Supp.2d 382 (U.S.D.C.D.Ma. 2002) citing Benjamin v. Grosnick, 999 F.2d 590, 591 (1st Cir. 1993). In Grosnick, the Court found a delay in making service was excusable where plaintiff had completed all steps within their power necessary to effectuate such service and where responsibility for the delay was attributable to the malfeasance of a process server. Brosnick, supra. at 592. Otherwise put, the absence of good cause, was conclusive of the matter.

The 1993 Amendments were meant to introduce a more liberal regime, particularly to benefit pro se litigants whose good faith missteps in effecting service might unfairly deprive them of their day in court. McIsaac, *supra* at 383. However, the Advisory Committee's Notes do not indicate that the existence or nonexistence of good cause is to be ignored. Rather, federal courts are obligated to balance the intent of Rule 4(m) and the facts in issue. "If good cause extensions are given too freely, then the risk is the emasculation of Rule 4(m) and the defeat of its purpose." Wright & Miller, *Federal Practice and Procedure: Civil 3d* §1137, at 373-374 (2002). The amendments to the rules gave courts the discretion to grant an extension of time to serve rather than comply with the prior mandate that the court "shall dismiss" the complaint.

show confusion on his part. The inquiry continues to be a factually based determination. [4]

## IV. CONCLUSION

The facts of this case indicate that Plaintiff simply failed to follows the Federal Rules of Civil Procedure. They would not constitute "good cause" or "excusable neglect" under the pre-1993 rules. The facts do not merit the Court's discretionary application of the more liberal rule, and should not supply a precedent which permits a plaintiff to ignore the Rules and then seek favorable treatment by the Court.

RESPECTFULLY SUBMITTED,

ROBERT CLARK CORRENTE
United States Attorney

Lisa Dinerman Bar #2689
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401/709-5000
401/709-5017 Fax

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing memorandum was served, by fax at 401/619-0974 and by regular mail, postage prepaid, this 18th day of January, 2006 to Steven Coaty, Esq., Coaty Law Offices, P.O. Box 1299, Newport, Rhode Island .

---

[4] In McIsaac, for example, the court indicated the view that granting relief from the service requirements is appropriate only in circumstances where an extension of time is sought prior to the expiration of Rule 4(m)'s deadline, or where a pro se litigant can. Neither or these circumstances exist in this case. As stated in McIsaac, *supra* at 384, "The risk of a dismissal with prejudice is one that [the plaintiff ] assumed by waiting until two days before the expiration of the statute of limitations to file his Complaint and then doing nothing until the last minute to have it service."